IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY T. SACHS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 1119 |
| ) | |
| REEF AQUARIA DESIGN INC., a Florida ) | Judge Ronald A. Guzmán |
| corporation; JEFFREY TURNER, ) | |
| an individual; ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| REEF AQUARIA DESIGN, INC., and ) | |
| JEFFREY TURNER, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| D&D AQUARIUM SOLUTIONS, LTD. ) | |
| and DAVID SAXBY, individually, ) | |
| ) | |
| Third Party Defendants. ) | |
| ) | |
| ) | |
| ATLANTIC CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Applicant for Intervention. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Atlantic Casualty Insurance Company ("Atlantic Casualty") motion to intervene pursuant to Federal Rule of Civil Procedure ("Rule") 24. For the reasons set forth below, the Court denies the motion.

## Facts

In this case, Gregory T. Sachs has sued Reef Aquaria Design, Inc. ("Reef Aquaria") and its president, Jeffrey Turner, for breach of warranty, breach of contract, and negligence in relation to work performed by Reef Aquaria on Sachs' aquarium. (Compl. ¶ 9.) Atlantic Casualty, Reef Aquaria's insurer, represents defendants under a reservation of rights. (*Id.* ¶ 11.) In a separate case before Judge John F. Grady, Atlantic Casualty has sued Reef Aquaria, Jeffrey Turner and Gregory T. Sachs for a declaratory judgment that it has no duty to indemnify Reef Aquaria or Jeffrey Turner for any damages that may be awarded against them in the case before this Court. Atlantic Casualty now seeks to intervene for the sole purpose of submitting interrogatories and/or a verdict form to the jury in the event that the action progresses to the trial stage and is ultimately decided by the jury.

## Discussion

There are two different kinds intervention under Rule 24, intervention of right and permissive intervention. Fed. R. Civ. P. 24(a), (b). Atlantic Casualty argues that is should be allowed to intervene under Rule 24(a)(2) or, in the alternative, Rule 24(b)(2). The Court addresses each argument in turn.

### I. Intervention of Right

Rule 24(a)(2) provides:

Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to

> protect that interest, unless the applicant's interest is adequately represented by
> the existing parties.

Fed. R. Civ. P. 24(a)(2). Thus, to determine whether intervention of right is mandatory under Rule 24(a)(2), four requirements must be satisfied: "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

First, the requirement of timeliness is "determined by reference to the totality of the circumstances," and four factors should also be considered: "(1) [t]he length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985). A determination of "whether an application to intervene is timely is committed to the sound discretion of the district judge." *Id.*

While there is no steadfast rule or exact definition for timeliness, the Seventh Circuit has held an application was untimely where the applicant did not seek to intervene until more than fifteen months after the action was filed, which was the point at which the applicant should have been reasonably aware of the action. *See Southmark Corp. v. Cagan*, 950 F.2d 416, 418 (7th Cir. 1991). Moreover, the Seventh Circuit has held that intervention was untimely and inexcusable where the applicant sought to intervene four months after the action had been filed and forty-nine days after the applicant had become aware of her interest in the case. *Fed. Deposit Ins. Corp. v. Hanrahan*, 612 F.2d 1051, 1053 (7th Cir. 1980).

In this lawsuit, Atlantic Casualty has defended Reef Aquaria under a reservation of rights for over a year before moving to intervene. (Pl.'s Mem. Opp'n Ex. 1, Letter of 1/17/05 from Duane Regan to Jeff Turner 1.) Atlantic Casualty was aware of some of Sachs' claims as early as January 17, 2005 when it sent an acknowledgment of the claims. *Id.* Atlantic Casualty does not explain why it waited for more than a year after it became aware of the case to file its application to intervene. Atlantic Casualty's lengthy and unexplained delay in filing the instant motion weighs heavily against a finding of timeliness.

The Court considers the next two factors, *i.e.*, the prejudice to the original parties caused by the delay and the resulting prejudice to the intervenor if the motion is denied, to determine whether the motion to intervene is timely. While there may not be any prejudice to the original parties caused by the delay, there is also no prejudice to Atlantic Casualty as a result of a denial of the application because Atlantic Casualty's coverage dispute can be resolved in the separate declaratory judgment action before Judge Grady.

Finally, the fourth factor of the timeliness analysis considers any unusual circumstances. However, Atlantic Casualty does not argue that any unique circumstances exist to justify a finding of timeliness. Therefore, based on the totality of facts in this case, the Court holds that Atlantic Casualty's motion to intervene is untimely.

Even if the motion to intervene were timely, the Court would still deny the motion to intervene as of right because Atlantic Casualty lacks an interest relating to the subject matter of the main action. A "direct, substantial and legally protectable" interest is required. *Transamerica Ins. Co. v. South*, 125 F.3d 392, 396 (7th Cir. 1997).

In *Travelers Indemnity Co. v. Dingwell*, where an insurer reserved the right to deny coverage yet sought to intervene in the underlying tort case, the court held that the insurer's

interest was not substantial because it was contingent on the resolution of the coverage issue. 884 F.2d 629, 638 (1st Cir. 1989). The court further reasoned that the insurer's interest was not directly related to the subject matter of the underlying case because the insurer's interest merely involved questions of rights and obligations of an insurer and an insured under an insurance policy. *Id.*

Similar to the insurer who sought to intervene in *Travelers*, Atlantic Casualty has reserved the right to deny coverage, and therefore its interest is contingent on the resolution of its declaratory judgment action before Judge Grady. As in *Travelers*, Atlantic Casualty's interest involves whether the policy it issued to Reef Aquaria covers Reef Aquaria's claim and, as such Atlantic Casualty's interest is not directly related to the underlying breach of warranty, breach of contract, and negligence claims in this case.

In *Restor-A-Dent Laboratories, Inc. v. Certified Alloy Products, Inc.*, where the applicant sought to intervene for the purpose of submitting interrogatories to assess the liability of the insurer to the defendant, the court held that the insurer did not have a substantial interest in the underlying breach of contract action. 725 F.2d 871, 875 (2d Cir. 1984). The court emphasized that "an interest must be direct, as opposed to remote or contingent," and denied intervention because the interest depended on two contingencies: (1) a jury verdict against the insured in the underlying suit involving a breach of contract and (2) the disposition of a declaratory judgment action involving the insured and the insurer that had not yet commenced. *Id.* at 875.

*Restor-A-Dent* is closely analogous to this case. Similar to the applicant in that case, Atlantic Casualty seeks to intervene for the limited purpose of proposing interrogatories to the court for submission to the jury and, in its own words, it "would not be otherwise involved in the

case issues involving its insured." (Mot. Intervene 5.) Atlantic Casualty's interest is contingent on whether there is a jury verdict against the insured, *i.e.*, Reef Aquaria, in this suit. It is also contingent on whether Atlantic Casualty is required under the policy to indemnify Reef Aquaria, a matter that will be determined in the pending declaratory judgment action before Judge Grady. The Court holds that because Atlantic Casualty's interest is based on these contingencies, it has failed to establish a direct, substantial and legally protectable interest in the instant litigation.

"Failure to satisfy even one of [Rule 24(a)(2)'s] requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984); *see, e.g., Travelers*, 884 F.2d at 641 (denying motion to intervene after finding insurer had no cognizable interest without discussing other factors). In this case, the Court holds that Atlantic Casualty's motion to intervene was untimely and it has no direct and substantial interest in the instant case. Accordingly, it need not reach the other Rule 24(a)(2) requirements.

## II. Permissive Intervention

"Permissive intervention may be allowed at the discretion of the trial court when an applicant's claim or defense and the main action have a question of law or fact in common." *Davila v. Arlasky*, 141 F.R.D. 68, 73 (N.D. Ill. 1991) (quotations omitted); *see* Fed. R. Civ. P. 24(b)(2). However, "[p]ermissive intervention . . . is proper only where the application was timely, and therefore the same problem is presented as with the intervention as of right." *Heartwood Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003).

As discussed above, the Court finds Atlantic Casualty's application untimely. That alone is reason enough to deny its application under Rule 24(b), and the Court holds that permissive intervention is inappropriate.

## Conclusion

For the foregoing reasons, the Court denies Atlantic Casualty's motion to intervene [96].

**SO ORDERED**  ENTERED: 10/05/07

HON. RONALD A. GUZMAN
**United States District Judge**